# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

ERIC MESI AND BETTY MESI, )
)
     Plaintiffs, )
)
    vs. )           3:15-cv-00555-RCJ-WGC
)
)            **ORDER**
JPMORGAN CHASE BANK et al., )
)
     Defendants. )
)
_____ )

       This case arises out of a disputed property foreclosure. Plaintiffs allege that Defendants have violated numerous state and federal laws by engaging in fraudulent and unfair practices. Pending before the Court is a motion for a temporary restraining order to prevent the trustee sale of Plaintiffs' property scheduled for December 11, 2015. For the reasons given herein, the Court denies the motion.

## I. FACTS AND PROCEDURAL HISTORY

       Plaintiffs' home was completed in 2006, after which ownership was transferred to Eric Mesi and Fred Mesi. They obtained a loan from Washington Mutual Bank for the amount of $280,334.00, which was secured by a deed of trust. The property was later transferred to Betty L. Mesi and to Fred Mesi who is now deceased. The deed of trust was transferred to Bank of America.  On February 4, 2014, Plaintiffs sued Defendants in Nevada state court in pro se for wrongful foreclosure, declaratory relief, and unfair business practices, and also to quiet title and cancel instruments. On October 13, 2015, Plaintiffs filed an Amended Complaint which asserted various violations of Nevada law as well as violations of the federal False Claims Act, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and the Fair Debt Collection

Practices Act ("FDCPA"). On November 13, 2015, Defendant JPMorgan Chase Bank, N.A. filed a petition for removal with this Court, and Plaintiffs filed a motion to dismiss the petition. Plaintiffs now ask the Court for a temporary restraining order to prevent a trustee sale of their property scheduled for December 11, 2015 (ECF No. 10).

## II.    LEGAL STANDARDS

To obtain a temporary restraining order Under Fed. R. Civ. P. 65(b), a plaintiff must make a showing that immediate and irreparable injury, loss, or damage will result to plaintiff without a temporary restraining order. Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001) ("The standard for issuing a preliminary injunction is the same as the standard for issuing a temporary restraining order."). The temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

The Ninth Circuit in the past set forth two separate sets of criteria for determining whether to grant preliminary injunctive relief:

> Under the traditional test, a plaintiff must show: (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). The alternative test requires that a plaintiff demonstrate either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.

*Taylor v. Westly*, 488 F.3d 1197, 1200 (9th Cir. 2007). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the

probability of success decreases." *Id.*

The Supreme Court has reiterated, however, that a plaintiff seeking an injunction must demonstrate that irreparable harm is "likely," not just possible. *Winter v. NRDC*, 129 S. Ct. 365, 374–76 (2008). Thus, "[t]he proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter*, 129 S. Ct. at 374). To be "likely" to succeed on the merits, a plaintiff must show at a minimum a reasonable probability of success. *Rockwell Automation, Inc. v. Beckhoff Automation, LLC*, 23 F. Supp. 3d 1236, 1242–44 (D. Nev. 2014).

## III.   ANALYSIS

### A.   Likelihood of Success on the Merits

Plaintiffs filed a lengthy Amended Complaint that includes numerous claims which are difficult to decipher. They provide scattered and vague facts to support various allegations of federal and state law and draw few connections between the facts and law.

#### 1.   Fair Debt Collection Practices Act

Plaintiffs appear to argue that Defendants have violated the Fair Debt Collection Practices Act ("FDCPA"). 15 U.S.C. § 1692 et seq. One purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors." *Id.* at § 1692(a). To achieve this purpose, the Act prohibits harassing or abusive collection practices, false or misleading representations, and unfair or unconscionable debt-collection practices. *Id.* at §§ 1692d–1692f. Plaintiffs allege that Defendants have made misrepresentations in regard to the pending foreclosure and sale of their home, but their allegations are scattered and unclear. Further, although some circuits have

held that parties engaging in mortgage foreclosure activity are "debt collectors" under the FDCPA, *see, e.g.*, *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 462 (6th Cir. 2013) (holding that "filing *any* type of mortgage foreclosure action . . . is debt collection under the Act" and citing similar holdings from sister circuits), courts in the Ninth Circuit have held that such activity does not constitute debt collection under the FDCPA. *See Diessner v. Mortgage Elec. Registration Sys.*, 618 F. Supp. 2d 1184, 1189 & n.27 (D. Ariz. 2009) (holding that "the activity of foreclosing on [a] property pursuant to a deed of trust is not collection of a debt within the meaning of the FDCPA"; and citing pertinent cases in the footnote). Thus, Defendants might not even be subject to the FDCPA. Based on the facts provided and pertinent law, Plaintiffs do not have a reasonable probability of success on the merits of this claim.

### 2. Constitutional Claims, RICO, and Nevada Law

Plaintiffs claim that Defendants violated their constitutional rights under the First, Fifth, Sixth, Thirteenth, Fourteenth, and Fifteenth Amendments to the U.S. Constitution. They provide no specific allegations as to which rights under these amendments Defendants have violated.

Plaintiffs also allege that Defendants have violated RICO, U.C.C. Articles 1, 3, and 9, and Nevada's Deceptive Trade Practices and Unfair Trade Practices laws. *See* N.R.S. 598; 598A. To support these allegations, Plaintiffs allege that Defendant National Default Servicing Corporation ("NDSC") harassed Plaintiffs, intentionally fabricated documents, and is stealing or claiming possessions it has not purchased. They allege that Defendants have committed fraud by fabricating a loan on their property and are now attempting to use that fraudulent loan to foreclose on their property. (Am. Compl., 39–40, ECF No. 1-2). Again, the facts Plaintiffs provide are vague and their allegations unclear. They provide random facts and fail to indicate precisely what their claims are or how the facts apply to their claims. For example, "[t]o state a

claim under RICO, 18 U.S.C. § 1962(c), a plaintiff must demonstrate: (1) the conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity." *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1481 (9th Cir. 1997). Plaintiffs have made only vague and minimal accusations that Defendants are engaged in a pattern of racketeering activity. They also fail to identify which specific portions of the Nevada statutes it cites apply to their claims. On the merits of these claims, Plaintiffs also do not have a reasonable probability of success.

**B.      Possibility of Irreparable Injury**

Plaintiffs have not made any arguments that denying their motion for a temporary restraining order will result in irreparable injury. A trustee sale is scheduled for December 11, 2015 by which their property in Fernley, NV will be sold, but Plaintiffs have provided no indication that the sale would cause them to suffer irreparable injury, such as leaving them without a home. They merely argue that "[i]f NDSC forecloses, Betty Mesi will be owed a home replacement" and that "Betty Mesi is highly stressed out and requires an [i]njunctive relief to secure her property for more time to bring in expert witnesses from Fannie Mae and Freddie Mac and debt auditors." (Mot. 4–5). This factor does not favor Plaintiffs.

**C.      Balance of Hardships**

Plaintiffs have presented no argument on this issue. The balance of hardships favors Plaintiffs because they could lose their property if the Court denies the motion, whereas by granting the motion Defendants would merely be delayed in foreclosing on the property.

**D.      Advancement of the Public Interest**

Plaintiffs have presented no argument on this issue. The public has an interest in seeing that home foreclosures occur based only on accurate evidence and fair practices. This factor supports Plaintiffs, even if minimally.

### E.      Other

Defendant JPMorgan Chase Bank, N.A. filed a petition for removal with this Court, and Plaintiffs filed a motion to dismiss the petition, arguing primarily that it was untimely. Under 28 U.S.C. 1446(b), a defendant has thirty days from receiving the initial pleading to file for removal to federal court. Under 1446(b)(3), if the initial pleading is not removable, then a defendant may file for removal within thirty days of receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Here, the initial pleading contained only state-law claims, whereas the amended complaint contained various federal claims; thus, Defendants were permitted to file a petition for removal within thirty days of receiving the Amended Complaint, which they have done. This factor does not favor Plaintiffs.

Although two of the factors favor Plaintiffs, the others weigh against them. They have not shown they have a reasonable probability of success on the merits of their claims or that denying their motion will likely result in immediate and irreparable injury.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Temporary Restraining Order (ECF No. 10) is DENIED.

IT IS SO ORDERED.

Dated this 11th day of December 2015.

_____
ROBERT C. JONES
United States District Judge