UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

ERIC MESI AND BETTY MESI,

       Plaintiffs,

vs.

JPMORGAN CHASE BANK et al.,

       Defendants.

3:15-cv-00555-RCJ-WGC

**ORDER**

       This case arises out of a disputed property foreclosure. Plaintiffs move the Court to reconsider its order dismissing the case (ECF No. 55). For the reasons given herein, the motion is denied.

**I.    FACTS AND PROCEDURAL HISTORY**

       Plaintiffs Eric Mesi and Betty Mesi allege that Defendants violated numerous state and federal laws by engaging in fraudulent and unfair practices. On March 10, 2016, the Court granted Defendants motions to dismiss the case, while giving Plaintiffs leave to amend within thirty days. (*See* ECF No. 53). On March 21, 2016, Plaintiffs filed objections to the order. (*See* ECF No. 54). On March 25, 2016, Plaintiffs filed the instant motion to reconsider the order. On April 4, 2016, Plaintiffs filed a notice of appeal of the same order. (*See* ECF No. 56).

**II.    LEGAL STANDARDS**

       Granting a motion to reconsider is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). A motion to reconsider "may not be used to raise arguments or present evidence

for the first time when they could reasonably have been raised earlier in the litigation." *Id.* "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); Fed. R. Civ. P. 59. In some cases, "other, highly unusual, circumstances" may warrant reconsideration." *ACandS*, 5 F.3d at 1263.

**III.  ANALYSIS**

Plaintiffs have not presented any reason for the Court to reconsider its order dismissing the case. They argue that the Court misconstrued the facts and their claims. As the Court noted in its order, "Plaintiffs' Amended Complaint contains numerous claims which are difficult to decipher. Plaintiffs provide scattered and vague facts and draw few connections between the facts and the alleged violations of federal and state law." (Order, 3, ECF No. 53). The Court gave Plaintiffs leave to amend their complaint to improve the strength and clarity of their claims, but they chose not to do so. Their motion to reconsider simply restates their allegations and fails to present newly discovered evidence, show clear error or manifest injustice, or indicate an intervening change in the law.

The Court notes that "[o]nce a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). However, in this circumstance, "the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a). Thus, the Court elects to deny the motion.

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 55) is DENIED.

]Dated:  June 7, 2016.

IT IS SO ORDERED.

_____
ROBERT C. JONES
United States District Judge

3