UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ERIC MESI et al.,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>U.S. BANK NATIONAL ASSOCIATION et al.,<br><br>　　　　Defendants. | 3:15-cv-00555-RCJ-WGC<br><br>ORDER |

Eric and Fred Mesi obtained a loan from Washington Mutual Bank for $280,334, secured by a deed of trust. The property was later transferred to Betty and Fred Mesi. The deed of trust was transferred to Bank of America. On February 4, 2014, Plaintiffs sued Defendants in Nevada state court for wrongful foreclosure, declaratory relief, unfair business practices, and to quiet title and cancel instruments. On October 13, 2015, Plaintiffs filed an Amended Complaint which asserted various violations of state and federal law. Defendant JP Morgan Chase Bank ("Chase") removed. The Court granted Defendants' motions to dismiss, with leave to amend in part no later than April 9, 2016, and denied Plaintiffs' motion for summary judgment. Plaintiffs appealed without amending, and the Ninth Circuit dismissed for lack of jurisdiction. In June 2016, after the mandate issued, the Court denied a motion to reconsider that had been filed and fully briefed in the meantime. In July 2017, after more than a year with no filings by any party, the Court closed the case and entered judgment in favor of Defendants.

Plaintiffs now move to "dismiss the judgment and reopen the case." (ECF Nos. 69, 70.) Although Chase has interpreted Plaintiff's request as a motion for reconsideration, Plaintiffs' motion actually cites Federal Rule of Civil Procedure 60(b)(4), concerning void judgments, as a basis for the relief sought. Regardless of how the motion is construed, however, it is unsuccessful.

On the one hand, granting a motion to reconsider is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). In some cases, "other, highly unusual, circumstances" may also warrant reconsideration. *Id.* Here, Plaintiffs have not presented any basis for the Court to reconsider its prior orders. There is no newly discovered evidence, the Court did not commit clear error, and there has been no intervening change in controlling law.

On the other hand, Rule 60 provides an avenue for relief from a final judgment based on any of the grounds enumerated in the Rule or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b). With respect to the Rule 60 grounds for relief, however, Plaintiffs' motion is vague and incoherent. Plaintiffs argue that the Court's judgment is void because it was based on a "fraud upon this court." (Mot. 2, ECF No. 69.) That "fraud" appears to be the fact that Plaintiffs failed to respond to Chase's motion to close the case. Plaintiffs appear to assert that they were unable to respond to that motion because their appeal was pending at the Ninth Circuit. This is not true, however; the appeal was dismissed on May 19, 2016, and the motion to close the case

was not filed until June 2, 2017. Moreover, while the Court did observe in its order closing the case that Plaintiffs had not actively litigated the case in over a year, the Court's decision was not based merely on "the lack of Plaintiff's filing [sic] in this case." (*Id.*) The Court had previously granted Defendants' motions to dismiss and given Plaintiffs leave to amend. Plaintiffs failed to amend their pleading. Thereafter, Plaintiffs moved the Court to reconsider its order dismissing the case, and that motion was denied. Those circumstances, combined with Plaintiffs' failure to oppose the motion to close the case, constituted grounds for the final judgment.

Plaintiffs' argument that they were unable to respond to the motion to close the case because it was never served upon them is also without merit. The motion was mailed to Plaintiffs at the address they had provided on the Court's docket. (*See* Certificate of Service, ECF No. 65 at 4.) Plaintiffs then updated their address on the docket over two months later. (Notice of Change of Address, ECF No. 68.) Under Local Rule IA 3-1, each party individually bears the burden of maintaining a current address on the docket. A pro se party "must immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number." Plaintiffs' failure to update their address in a timely manner is not an excuse for their failure to respond to the motion to close the case.

Plaintiffs' remaining arguments are either clearly contradicted by the recorded documents reviewed by the Court at the time of considering Defendants' motions to dismiss, or have no basis in the law. For example, the writ of *coram nobis* was abolished many years ago by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 60(e); *see also Telink, Inc. v. United States*, 24 F.3d 42, 45 (9th Cir. 1994) (noting that the writ of *coram nobis* is still available in certain criminal cases, "even though the procedure authorizing the issuance of the writ was abolished for civil cases"). In short, Plaintiffs have identified no grounds for relief from the judgment under Rule 60.

## CONCLUSION

IT IS HEREBY ORDERED that the motion (ECF Nos. 69, 70) is DENIED.

IT IS SO ORDERED.

_____
ROBERT C. JONES
United States District Judge

SEPTEMBER 18, 2017.