**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ERIC MESI et al., | |
| Plaintiffs, | 3:15-cv-00555-RCJ-WGC |
| vs. | |
| U.S. BANK NATIONAL ASSOCIATION et al., | **ORDER** |
| Defendants. | |

In April 2006, Plaintiff Eric Mesi borrowed $280,334 from Washington Mutual Bank, F.A. The loan was secured by a deed of trust on a residential property at 1329 Winnie's Lane in Fernley, Nevada ("the Property"), which security interest Mr. Mesi granted to Washington Mutual with California Reconveyance Company as trustee. The deed of trust was duly recorded at the Lyon County Recorder's Office on April 10, 2006. (Deed of Trust, ECF No. 23-5.)

In October 2006, Mr. Mesi granted his interest in the Property to Fred and Betty Mesi, as evidenced by Lyon County Recorder Document No. 394266. In May 2009, California Reconveyance Company recorded a notice of default and election to sell against the Property, which stated that no payments had been made on the loan since January 2009. *See* Lyon County Recorder Doc. No. 442349. In August 2009, a notice of trustee's sale was recorded. *See* Lyon County Recorder Doc. No. 446836. The same month, however, Plaintiff commenced a quiet title

action, and filed a notice of lis pendens in the Property's chain of title, effectively delaying the scheduled sale.

In October 2009, all beneficial interest in the deed of trust was transferred to Bank of America, N.A. *See* Lyon County Recorder Doc. No. 449556. In October 2012, National Default Servicing Corporation was substituted as trustee of the deed of trust. *See* Lyon County Recorder Doc. No. 498158. Then in November 2013, U.S. District Judge James Mahan ordered the lis pendens, Lyon County Recorder Doc No. 447286, expunged and fully discharged, and further deemed the Property "fully exonerated from the referenced Notice of Lis Pendens."

Between January 2014 and November 2015, three notices of trustee's sale were recorded. Plaintiffs filed the instant action in Nevada state court on February 4, 2014, seeking to prevent the foreclosure sale and quiet title. On October 13, 2015, Plaintiffs filed an Amended Complaint which asserted various violations of state as well as federal law. On November 13, 2015, Defendant JP Morgan Chase Bank ("Chase") removed the case to this Court. In December 2015, the Court denied two motions for a temporary restraining order, which were aimed at enjoining the trustee's sale. (*See* Orders, ECF Nos. 27, 33.) In denying both motions, the Court held that Plaintiffs had failed to show they had a reasonable probability of success on the merits of their claims. Shortly thereafter, on January 15, 2016, the Property was sold at auction to Defendant U.S. Bank, N.A., successor trustee to Bank of America. *See* Lyon County Recorder Doc. No. 546034.

On March 10, 2016, the Court granted the motions to dismiss of Chase and U.S. Bank. (Order, ECF No. 53.) In dismissing the Amended Complaint, the Court observed that Plaintiffs' claims were "difficult to decipher," and that they provided "scattered and vague facts," drawing "few connections between the facts and the alleged violations of federal and state law." (*Id.* at 3.) Nonetheless, the Court granted Plaintiffs leave to amend seven of their eight claims within thirty

days. Rather than amending, Plaintiffs filed, in quick succession, a motion for reconsideration and a notice of appeal. Of course, because the dismissal order granted Plaintiffs leave to amend, it was non-final and therefore non-appealable, and their appeal was summarily dismissed for lack of jurisdiction. (Order, ECF No. 61.) Following issuance of the Ninth Circuit's mandate, the Court ruled on Plaintiffs' motion to reconsider, which had been fully briefed in the meantime. In denying the motion, the Court noted that it "gave Plaintiffs leave to amend their complaint to improve the strength and clarity of their claims, but they chose not to do so." (Order 2, ECF No. 63.)

At this point, Plaintiffs could have tried to pursue the opportunity for amendment which the Court had granted in its order of dismissal. Plaintiffs instead opted not to take any action in their case for more than eleven months. On June 2, 2017, Chase moved for an order closing the case based on the Court's prior dismissal of the Amended Complaint, Plaintiffs' failure to amend within the time period prescribed by the Court, and Plaintiffs' broader failure to prosecute the case for nearly a year. (Mot. Close Case, ECF No. 65.) Plaintiffs failed to respond to the motion. Accordingly, on July 27, 2017, the Court closed the case and entered judgment in favor of Defendants. (Order, ECF No. 66.)

Since their case was closed, Plaintiffs have filed numerous groundless motions. On August 11, 2017, Plaintiffs moved to "dismiss the judgment and reopen the case." (ECF Nos. 69, 70.) The Court denied the motion, finding that Plaintiffs had failed to identify any proper basis for disturbing the judgment, whether under Federal Rule of Civil Procedure 59 or 60. (*See* Order, ECF No. 78.) In late 2017, Plaintiffs filed four additional motions, two of which invoked Federal Rule of Appellate Procedure 35 and requested en banc review of the Court's orders, (ECF Nos. 80, 84), one of which requested that Defendants' responses to the motions under FRAP 35 be stricken, (ECF No. 88), and one of which sought to remedy an alleged Fourteenth Amendment

violation by Defendants, (ECF No. 96). The Court reviewed Plaintiffs' various motions and found them to be procedurally improper and legally frivolous. Moreover, the motions repeated many of the same points raised in earlier filings, and did not articulate a cognizable basis for amending, altering, or otherwise granting relief from the final judgment. (Order, ECF No. 99.)

Now before the Court are six additional filings. Within the first three motions, which are identical, Plaintiffs seek: (1) an order striking from the record the Court's prior orders at ECF No. 66 and 99; (2) an en banc rehearing under FRAP 35; and (3) sanctions, although it is not clear against whom they should be imposed. (Mots., ECF Nos. 101, 102, 103.) Plaintiffs also filed a petition for writ of mandamus under 28 U.S.C. § 1361, but failed to articulate against whom or on what basis such writ should issue. (Pet. Writ Mandamus, ECF No. 104.) Lastly, Plaintiffs filed two more identical motions, the first asking to strike Chase's response to the motions at ECF Nos. 101, 102, and 103, and the second requesting sanctions against Chase's attorney. (Mots., ECF Nos. 110, 111.) Again, Plaintiffs' motions are meritless and must be denied. This case is close. There is no viable complaint currently on file. Plaintiffs' Amended Complaint was dismissed with leave to amend. To this date, Plaintiffs have not so much as attempted to file an amended pleading. Furthermore, the Court could not now accept an amendment after such an extended period of neglect. With their complaint dismissed, their improper appeal dismissed, and their motion to reconsider denied, Plaintiffs ignored the Court's invitation to amend their pleading for a full year. Now, an additional year has passed, and Plaintiffs have made no attempt to replead their claims in a manner sufficient to survive dismissal.

Because this case is closed, the Court lacks authority to consider Plaintiffs' substantive arguments, unless Plaintiffs can show that they are entitled to relief from the judgment. As stated in prior orders, the Plaintiffs have not raised any cognizable basis for disturbing the judgment.

There is no newly discovered evidence, the Court did not commit clear error, and there has been no intervening change in controlling law. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Moreover, as noted by the Court at the outset of this case, Plaintiffs' claims largely appear to lack merit. Lyon County records clearly show that Eric Mesi granted a deed of trust on the Property as security for a $280,334 loan from Washington Mutual. As of February 2009, the loan was in default. Mr. Mesi does not claim that he was up-to-date on his obligation to repay the loan at the time of foreclosure. Rather, he asserts that he never borrowed the money from Washington Mutual, and never signed the deed of trust. Mr. Mesi refers the Court to documents from Western Title Company related to the close of escrow, and asserts the documents show that he "paid cash for the home" and that "there was no deed of trust or mortgage." (ECF No. 101 at 11–16.) In reality, these documents show no such thing, and do nothing to undermine the validity of the deed of trust Mr. Mesi granted to Washington Mutual. Mr. Mesi also alleges that the deed of trust was fabricated, and that his signature was "cropped onto the documents as [he] NEVER SIGNED and agreed to a mortgage loan as he paid cash for the property." (Mot. Writ Mandamus 2–3, ECF No. 104.) The Court finds this allegation implausible, especially since recorded documents indicate the borrowers made payments on this allegedly fraudulent loan up until early 2009. *See* Notice of Default, Lyon County Recorder Doc. No. 442349. Moreover, Mr. Mesi could have raised this allegation in an amended pleading, but opted never to file one. Therefore, the claim is not properly before this Court at this time.

For more than a year now, Plaintiffs have filed numerous groundless and duplicative motions. This has not only consumed the Court's resources, but has forced Defendants to expend time and money in preparing and filing responses. Accordingly, Plaintiffs will no longer be permitted to file further motions in this case, and Defendants are invited to file, as may be

appropriate, any motions to recover attorneys' fees incurred as a result of Plaintiffs' groundless motions.[1] If Plaintiffs wish to seek relief from this Court's orders, the proper forum in which to do so in the United States Court of Appeals for the Ninth Circuit.

## CONCLUSION

IT IS HEREBY ORDERED that the motions (ECF Nos. 101, 102, 103, 104, 110, 111) are DENIED.

The Clerk of Court is hereby instructed, consistent with the foregoing, not to accept further filings from Plaintiffs in the above-captioned case.

IT IS SO ORDERED. Dated this 28th day of August, 2018.

_____
ROBERT C. JONES
United States District Judge

---

[1] Of course, the filing restriction will not prevent Plaintiffs from responding to any future motions brought by Defendants.